UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,
vs.

RINCONCITO LATINO INC and
WEST GABLES SHOPPING PLAZA, LLC

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Rinconcito Latino Inc. and Defendant West Gables Shopping Plaza, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant Rinconcito Latino Inc. and Defendant West Gables Shopping Plaza, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Rinconcito Latino Inc. (also referenced as "Defendant Rinconcito," "operator," or "lessee") is a Florida for profit corporation and is the owner and operator of the El Rinconcito Latino restaurant which is the subject of this action.

6. Defendant West Gables Shopping Plaza, LLC (also referenced as "Defendant Shopping Plaza," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio 30-4011-040-0010, located at 6735 SW 24 Street, Miam Florida 33155 which is built out as a community shopping center.

## FACTS

7. At all times material hereto, Defendant Shopping Plaza has operated its community shopping center by leasing portions of its commercial property to places of public accommodation such as two tattoo parlors, a place of worship, and Defendant Rinconcito's El Rinconcito Latino restaurant.

8. The El Rinconcito Latino restaurant is a Cuban restaurant located at 6741 SW 24 Street (which is within the larger 6735 SW 24 Street community shopping center) and is open to the general public and therefore is a place of public accommodation pursuant

to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The El Rinconcito Latino restaurant which is the subject to this action is also referred to as "restaurant," or "place of public accommodation."

9. As the owner/operator of a restaurant which is open to the public, Defendant Rinconcito is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to the El Rinconcito Latino restaurant, on June 16, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while parking and perambulating into, and then while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the El Rinconcito Latino restaurant (Defendant Rinconcito) and by the owner of the community shopping center which houses the restaurant (Defendant Shopping Plaza).

13. As the owner and operator of the El Rinconcito Latino restaurant, Defendant Rinconcito is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of a community shopping center, part of which is built out and utilized as a restaurant open to the general public, Defendant Shopping Plaza is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2). Because that community shopping center is also open to the public as places of public accommodation such as a place of worship and two retail tattoo parlors, Defendant Shopping Plaza is also defined as a Public Accommodation pursuant to §§ 12181(7)(D) & (F) and 28 C.F.R. §§ 36.104(4) & (6).

15. As the owner of a community shopping center which is built out and open to the public (in parts) as a restaurant, a tattoo parlor, and a place of worship (a place of public gathering), Defendant Shopping Plaza is aware of the ADA and the need to provide for equal access in all areas of its community shopping center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its community shopping center is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the El Rinconcito Latino restaurant located within Defendant Shopping Plaza's community shopping center but continues to be injured in that he continues to be discriminated against due to the barriers to access therein which are in violation of the ADA.

18. Any and all requisite notice has been provided.

4

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the El Rinconcito Latino restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Shopping Plaza and Defendant Rinconcito have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full

5

and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the community shopping center and the El Rinconcito Latino restaurant located therein in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the community shopping center and the El Rinconcito Latino restaurant located therein.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Shopping Plaza's community shopping center and Defendant Rinconcito's restaurant located therein, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff had

6

        difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (due to the lack of maintenance of the parking lot) which is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. Section 4.6.3 states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Section 502.4 states that parking spaces shall comply with Section 302 and Section 302 states that changes in level are not permitted.

ii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally) Plaintiff had difficulty exiting his vehicle as designated accessible parking spaces access isles are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG. Section 4.6.3 which states that parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Section 4.3. This is also in violation of AGAAG Section 4.3.8 which states that if an accessible route has changes in level greater than ½ in (13 mm), then a curb ramp or ramp must be provided. The non-complaint slope of the accessible parking space access isles is also in violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that parking space access aisles shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve.

iii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), the exterior service counter is mounted above the required height and there is no lower portion of the counter provided. This is a violation of Section 7.2 of the ADAAG and Section

      904.4.1 of the 2010 ADA Standards for Accessible Design, which state that sales and service counters must be 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finished floor. Further, clear floor or ground space must comply with Section 305 by being positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of the counter.

iv. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff was unable to sit in the exterior seating area of the restaurant and enjoy a meal due to the fact that the restaurant has not provided a sufficient number of accessible dining seating and surfaces. This is in violation of Section 226.1 which requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and that dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance for dining/seating spaces.

v. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff was unable to sit in the exterior seating area of the restaurant because the seating does not comply with the standards delineated within Section 4.32 of the ADAAG which states which states that seating spaces for people in wheelchairs must provide clear floor space (Section 4.2.4), and that clear floor space shall not overlap knee space by more than 19 in (485 mm) (see Fig. 45). This failure is in further violation of Sections 226 and 902 of the 2010 ADA Standards for Accessible Design which

    requires that all dining areas be accessible in clear floor/ground space, size and height.

vi. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff had difficulty opening the door into the restaurant without assistance, as the door is located on a sloped surface which is a non-compliant slope. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

vii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff had difficulty using the interior bar counter, as it is mounted too high and there is no lower portion of the bar counter provided for the use of the patrons. This is a violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.2 of the ADAAG, and Section 902.3 of the 2010 ADA Standards for Accessible Design which states that tops of dining surfaces and work surfaces must be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finished floor or ground.

9

viii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), the seating provided by the restaurant does not comply with the standards delineated within Section 4.32 of the ADAAG which states which states that seating spaces for people in wheelchairs must provide clear floor space. This failure is in further violation of Sections 226 and 902 of the 2010 ADA Standards for Accessible Design which requires that all dining areas be accessible in clear floor/ground space, size and height.

ix. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), the restaurant does not provide a sufficient amount of seating for persons/patrons with disabilities. This is in violation of Section 5.1 of the ADAAG which states restaurants must provide at least 5% (but not less than one) of the fixed tables to be accessible and in compliance with Section 4.32 as required in Section 4.1.3(18). This is also in violation of Section 226 of the 2010 ADA Standards for Accessible Design which states that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902.

x. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), at the men's accessible restroom, there are permanently designated interior spaces without proper signage location, as signage is mounted on the door leaf without braille or raised

10

        characters, which is in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

xi. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the pull side of the restroom entry door is not provided. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance).

xii. Further, as to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff could not open the push side of the restroom door without assistance, as the required maneuvering clearance on the push side of the door is not provided. This is an additional violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

xiii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no

greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

xiv. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), Plaintiff could not lock the toilet compartment without assistance, as the toilet compartment stall door hardware is not designed to accommodate the ability to lock the door with a closed fist, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). Handles, pulls, and latches must have hardware in a shape that is easy to grasp one hand as required by Section 4.13.9 of the ADAAG. Further, Section 404.2.7 of the 2010 ADA Standards for Accessible Design requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.

xv. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed

        shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

xvi. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures. This is also in violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

xvii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff could not use the toilet without assistance, as the side wall grab bar does not have the required clearance because the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects (such as toilet tissue dispensers) can interfere with the use of grab

bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design. Section 609.3 states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum. Section 4.26.2 Fig. 39(d) demarks that clear space above the grab bar must be 18 inches for a recessed grab bar and Fig. 39(a) demarks 1½ inches (38 cm) clear space above the grab bar.

xviii. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the as the rear wall grab bar is not the required length. The rear wall grab bar is 24 inches long, which violates Section 4.16.4 and Figure 29 of the ADAAG which states that the grab bar behind the water closet shall be 36 inches minimum in length. This also violates Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side.

xix. As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required length.  This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches long

        minimum and located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall.

xx.    As to Defendant Rinconcito (operator of the restaurant) and Defendant Shopping Plaza (community shopping center owner) (jointly and severally), as to the men's accessible restroom, Plaintiff was exposed to a cutting/burning hazard as the lavatory sink does not have wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

28.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants have been required to make the community shopping center and the El Rinconcito Latino restaurant located therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order to alter the community shopping center and the El Rinconcito Latino restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant West Gables Shopping Plaza, LLC (owner of the community shopping center) and Defendant Rinconcito Latino Inc. (operator of the El Rinconcito Latino restaurant located therein) and requests the following injunctive and declaratory relief:

a)  The Court declare that Defendants have violated the ADA;

b)  The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)  The Court enter an Order requiring Defendants to alter the community shopping center and the El Rinconcito Latino restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)  The Court award reasonable costs and attorneys fees; and

e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 8th day of August 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*